IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HARLAN RICHEY                                                                                           PLAINTIFF

v.                                          4:21-cv-00715-JM-JJV

LENARD HOGG,
Sheriff, Lincoln County                                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Harlan Richey ("Plaintiff") is a pretrial detainee in the Lincoln County Detention Center. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Sheriff Lenard Hogg violated his constitutional rights by opening Plaintiff's legal mail outside of his presence. (Doc. 7.) Plaintiff says the mail "was opened to take the staple out" of a "divorce summons" that was sent to him by the Phillips County Clerk. (*Id*. at 4.) After careful review

1

and consideration, I recommend the Amended Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

It is well settled that "privileged prisoner mail, that is <u>mail to and from an inmate's attorney and identified as such</u>, may not be opened for inspections for contraband except in the presence of the prisoner." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (emphasis added); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Mail to and from a court does not fall under the narrow definition of privileged legal mail. *See Moore v. Rowley*, Case No. 04-1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (a bankruptcy petition was not privileged legal mail, and thus, could be opened by prison officials outside of an inmate's presence); *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987) (court documents may be opened outside of an inmate's presence because they are "public documents"); *Moore v. Schuetzle*, 486 F. Supp. 2d 969 (D.N.D. 2007), *aff'd*, 289 F. App'x 962 (8th Cir. 2008) (mail from a judge's chambers and the United States Justice Department was not privileged legal mail entitled to constitutional protection).

Further, to "assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice." *Beaulieu*, 690 F.3d at 1037 (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). This means there must be facts suggesting "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Johnson v. Hamilton*, 452 F.3d 967, 974 (8th Cir. 2006). Plaintiff has not pled any facts suggesting he

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

suffered an actual injury. Thus, the facts as pled by Plaintiff do not state a plausible constitutional violation.

Importantly, I have previously brought these pleadings to Plaintiff's attention, given him the opportunity to amend his allegations, and advised him I would recommend dismissal if he failed to correct them. (Doc. 5.) Nevertheless, for the explained reasons, the Amended Complaint fails to plead a plausible claim for relief.

IT IS, THEREFORE, RECOMMENDED that:

1.    The Amended Complaint (Doc. 7) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."